UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMALEA ROBERTS,

  Plaintiff,

v.              Case No. 3:24-cv-688-MMH-MCR

AMERICAN WAY MOVING, LLC,
and BLUE DIAMOND MOVERS,
INC., d/b/a Blue Diamond Premium
Services,

  Defendants.

## ORDER

**THIS CAUSE** is before the Court on Defendant American Way Moving, LLC's Motion to Transfer Venue (Doc. 30; Motion), filed on February 12, 2025. In the Motion, American Way requests that the Court transfer this case to "the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, based upon a mandatory forum selection clause[.]" See Motion at 1. In the alternative, it requests that the Court dismiss Plaintiff's Amended Complaint (Doc. 11) pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure (Rule(s)). See id. Plaintiff, Normalea Roberts, filed a response in opposition to the Motion. See Plaintiff's Response in Opposition to Defendant

American Way Moving, LLC's Motion to Transfer Venue (Doc. 36; Response), filed on March 24, 2025.[1] Accordingly, this matter is ripe for review.

## I. Background

According to the allegations of her Amended Complaint, on March 14, 2024, Normalea Roberts contracted with American Way Moving, LLC (American Way) to move "the contents of her one bedroom apartment from Springfield, Missouri to Orange Park, Florida." Amended Complaint ¶ 13 (alterations omitted); see also Binding Move Estimate (Doc. 11-1). Pursuant to the terms of the Binding Move Estimate, attached as an exhibit to the Amended Complaint, the parties agreed that any dispute arising out of this contract would be brought in Broward County or the Southern District of Florida:

> IT IS AGREED BY THE PARTIES AS MANDATORY THAT THIS AGREEMENT SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF FLORIDA WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAW. ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS OR [sic] RECORD OF THE STATE OF FLORIDA IN BROWARD COUNTY OR THE COURT OF THE UNITED STATES, SOUTHERN DISTRICT OF FLORIDA IN FORT LAUDERDALE FLORIDA.

---

[1] The Court ordered Plaintiff to respond to the Motion no later than March 21, 2025. See Endorsed Order (Doc. 35), entered on March 7, 2025. Plaintiff's counsel certified "that on March 21st 2025, he electronically filed the Response with the Clerk of the Court using CM/ECF." Response at 5 (alterations omitted). But, the Court's docket reflects that the Response was not actually filed until 7:02 AM on March 24, 2025. Although it appears as though the Response is untimely, in the interest of justice, the Court will consider its contents. However, counsel for Plaintiff is cautioned that in the future such a misrepresentation may lead to sanctions under Rule 11.

See Binding Move Estimate at 7 (the "Forum Selection Clause"). On July 11, 2024, Roberts initiated this action in the Middle District of Florida claiming that she was charged "over and above the amount" contracted for in the Binding Move Estimate. See Amended Complaint ¶ 21. American Way now moves to transfer this case to the Southern District of Florida. See Motion at 1.

## II. Legal Standard

In considering whether to transfer a case pursuant to 28 U.S.C. § 1404(a), the district court must engage in a two-step inquiry. See Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000); Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).[2] First, the court must determine, as a threshold matter, whether the case might have been filed in the proposed district, or whether all parties have consented to suit in that district. See Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., No. 8:06-cv-1746-T-27MAP, 2006 WL 3333718, at *1 (M.D. Fla. Nov. 16, 2006); see also Colorado Boxed Beef Co. v. Coggins, No. 8:07-cv-00223-T-24MAP, 2007 WL 917302, at *3 (M.D. Fla. Mar. 23, 2007); 28 U.S.C. § 1404(a). Next, the court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Eye Care Int'l, Inc., 119 F. Supp.

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

- 3 -

2d at 1318; see also Bookworld Trade, Inc., 2006 WL 3333718 at *1. In doing so, the court traditionally evaluates a number of factors. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).[3]

However, the Supreme Court has directed that when parties have agreed to a mandatory forum selection clause the court's analysis is significantly narrowed. See Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 62–66 (2013); GDG Acquisitions, LLC v. Govt. of Belize, 749 F.3d 1024, 1028–29 (11th Cir. 2014); Lindner v. BiscayneAmericas Advisors L.L.C., 214 F. Supp. 3d 1307, 1313 (S.D. Fla. 2016); Benjamin Franklin Franchising, LLC v. On Time Plumbers, Inc., No. 8:14-cv-1209-T-30AEP, 2014 WL 4683271, at *6 (M.D. Fla. Sept. 19, 2014). In this context, a court must first determine whether the forum selection clause is valid and enforceable. Atlantic Marine, 571 U.S. at 62 n.5; Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009); Messmer v. Thor Motor Coach, Inc., No. 3:16-cv-1510-J-JBT, 2017 WL 933138, at *2–3 (M.D. Fla. Feb. 28, 2017). If so, the

---

[3] These factors include:

(1) [T]he convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Supreme Court has instructed that a court evaluating a potential transfer under 28 U.S.C. § 1404(a) should not give any weight to the plaintiff's choice of forum or consider the parties' private interests. See Atlantic Marine, 571 U.S. at 63–64. Instead, a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to the agreed upon forum. Id. at 64. In this regard, the Supreme Court has explained that:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."

Id. at 62 n.6 (internal citations omitted).

The construction of a forum selection clause is a matter of federal common law. See Cornett v. Carrithers, 465 F. App'x 841, 842 (11th Cir. 2012) ("[T]he construction of forum selection clauses by federal courts is a matter of federal common law, not state law of the state in which the federal court sits."); [4] Emerald Grande, Inc. v. Junkin, 334 F. App'x 973, 975 (11th Cir. 2009); but see

---

[4] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1235–36 (11th Cir. 2011) (applying the Erie doctrine to determine whether federal or state law governed the enforceability of a forum selection clause); Martinez v. Bloomberg LP, 740 F.3d 211, 220 (2d Cir. 2014) ("To ensure that the meaning given to a forum selection clause corresponds with the parties' legitimate expectations, courts must apply the law contractually chosen by the parties to interpret the clause."). Federal common law, in turn, provides that "forum selection clauses are to be interpreted by reference to ordinary contract principles." Cornett, 465 F. App'x at 842 (quotation omitted). Additionally, forum selection clauses are to be construed broadly. See Gen. Pump & Well, Inc. v. Laibe Supply Corp., No. CV607–30, 2007 WL 4592103, at *3 (S.D. Ga. Dec. 28, 2007) (citing Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc), aff'd and remanded on other grounds, 487 U.S. 22 (1988)); see also Digital Envoy, Inc. v. Google, Inc., 319 F. Supp. 2d 1377, 1380–81 (N.D. Ga. 2004).

### III. Discussion

In the Motion, American Way argues that "pursuant to 28 U.S.C. § 1404(a)" the Court should transfer this action "to the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, based upon" the Forum Selection Clause. See Motion at 1. Upon review of the Forum Selection Clause, and the parties' arguments, the Court concludes that the Motion is due to be granted.

As an initial matter, the Court finds that the Forum Selection Clause governs Roberts' claims. Pursuant to the Binding Move Estimate, Roberts contracted with American Way to move "the contents of her one bedroom apartment from Springfield, Missouri to Orange Park, Florida." Amended Complaint ¶ 13 (alterations omitted). The parties agreed that "any dispute arising out of or relating to this agreement shall be brought in" Broward County or the Southern District of Florida. See Binding Move Estimate at 7 (alterations omitted). Thus, Roberts' contention that she was charged "over and above the amount" contracted for in the Binding Move Estimate is precisely the type of claim to which the Forum Selection Clause applies. See Amended Complaint ¶ 21.

Next, the Court finds that the Forum Selection Clause is valid and enforceable. As a general matter, forum selection clauses "are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel, 579 F.3d at 1281. As such, a forum selection clause will be invalidated when:

> (1) [I]ts formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of [her] day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

Id. Here, Roberts fails to meaningfully argue that any of the above factors warrant invalidating the Forum Selection Clause. To be sure, Roberts contends that the Forum Selection Clause is unenforceable because she had "no meaningful opportunity to negotiate" the terms of the Binding Move Estimate. See Response at 2. But, she provides no legal authority supporting this contention. See Sun Tr. Bank v. Sun Int'l Hotels, Ltd., 184 F. Supp. 2d 1246, 1259 (S.D. Fla. 2001) ("A non-negotiated forum-selection clause is not invalid simply because it is contained on a pre-printed form."). Nor does she argue, let alone provide evidence, that her inability to negotiate the Binding Move Estimate is tantamount to fraud or coercion. See Rucker, 632 F.3d at 1236 ("In order for a forum selection clause to be invalidated on the basis of . . . fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of fraud."). Thus, Roberts has failed to make a "strong showing" that the Forum Selection Clause should be invalidated. See Krenkel, 579 F.3d at 1281.

The Court also finds that the Forum Selection Clause is mandatory. A mandatory clause "dictates an exclusive forum for litigation under the contract." Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)). Mandatory clauses use specific terms of exclusion, such as the word "shall," id., while permissive clauses "contain no mandatory language to

indicate that the parties meant to foreclose litigation anywhere else," Stateline Power Corp. v. Kremer, 148 F. App'x 770, 771 (11th Cir. 2005) (alteration omitted). Here, the Forum Selection Clause states that:

> ANY DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS OR [sic] RECORD OF THE STATE OF FLORIDA IN BROWARD COUNTY OR THE COURT OF THE UNITED STATES, SOUTHERN DISTRICT OF FLORIDA IN FORT LAUDERDALE FLORIDA.

See Binding Move Estimate at 7 (emphasis added). This language makes clear that should any dispute arise between the parties it is agreed that exclusive jurisdiction resides in Broward County or the Southern District of Florida, and not anywhere else. Thus, the Forum Selection Clause is mandatory.

Finally, the Court finds that enforcement of the Forum Selection Clause would not be adverse to the public interest. To this point, "[t]he party opposing venue in the forum specified in the forum selection clause 'bear[s] the burden of showing that public-interest factors overwhelmingly disfavor' litigating the case in the forum set by the forum selection clause." Ideal Protein of Am., Inc. v. Allife Consulting, Inc., No. 8:19-cv-654-T-33CPT, 2019 WL 2358832, at *6 (M.D. Fla. June 4, 2019) (quoting Atlantic Marine, 571 U.S. at 67)). These public interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atlantic Marine, 571 U.S. at 62 n.6 (quotation omitted).

Here, Roberts argues that the "Middle District of Florida has a strong interest in protecting its consumers from deceptive practices, especially in an industry notorious for fraud and exploitation." Response at 2. But, she fails to provide any explanation as to why the Southern District of Florida is not equally capable of protecting this interest. Thus, Roberts has failed to show that enforcement of the Forum Selection Clause would be adverse to the public interest.[5]

## IV.  Conclusion

For the foregoing reasons, the Motion is due to be granted to the extent that American Way seeks a transfer of the case to the Southern District of Florida.

Accordingly, it is

**ORDERED:**

1. Defendant American Way Moving, LLC's Motion to Transfer Venue (Doc. 30) is **GRANTED** to the extent the Clerk of the Court is **DIRECTED** to transfer this action to the United States District Court

---

[5] Roberts also argues that the Forum Selection Clause should not be enforced because her "residence, primary witnesses, and substantial events related to the claim are in the Middle District of Florida, making it the appropriate venue." Response at 3. This argument is unavailing, however, as "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Atlantic Marine, 571 U.S. at 64.

for the Southern District of Florida, Fort Lauderdale Division. Upon transfer, the Clerk of the Court shall close the file.

2. To the extent American Way seeks dismissal of this action under Rules 8 and 12, the Court **DEFERS** ruling on the Motion to allow the proper forum court to address the merits of those arguments.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of April, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record